IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY SHARP, et al.,

    Plaintiffs,                       No. CIV S-06-0236 MCE GGH P

    vs.

LAURIE MAZZOLA, et al.,

    Defendants.                  <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiffs Anthony Sharp and Larry Sharp are state prisoners proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. On May 18, 2006, the court granted plaintiffs' request to proceed in forma pauperis and ordered each plaintiff liable for one half of the $250 filing fee.

        On December 26, 2006, defendants filed a motion to revoke plaintiff Anthony Sharp's in forma pauperis status and to dismiss for failure to state a claim. For the reasons discussed below, the court finds that defendants' motion to revoke plaintiff Anthony Sharp's filing fee has merit.

/////

/////

/////

1

28 U.S.C. § 1915(g) provides,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States, that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under the imminent threat of danger of serious physical injury.

Plaintiffs filed this action on May 3, 2006. Court records indicate that plaintiff Anthony Sharp has had three prior actions dismissed for failing to state a claim upon which relief may be granted. On September 5, 2003, Sharp v. Mason, CIV S-03-1354 EJG DAD P was dismissed for failure to state a claim.[1] On December 29, 2004, Sharp v. Cueva, CIV S-02-1686 FCD GGH P was dismissed for failure to state a claim. On March 21, 2005, Sharp v. Arcamone, CIV S-04-0595 DFL GGH P was dismissed for failure to state a claim.

Because there is no claim that plaintiff is under an imminent threat of danger of serious physical injury, the court recommends that defendants' motion to revoke plaintiff Anthony Sharp's in forma pauperis status be granted. Plaintiff shall pay the remaining balance of his filing fee within thirty days of the adoption of these findings and recommendations. According to court record, plaintiff still owes the entire fee of $125. If plaintiff does not pay this amount within that time, he will be dismissed from this action. The court will address defendants' motion to dismiss for failure to state a claim following the resolution of plaintiff's payment of the balance of his filing fee.

Accordingly, IT IS HEREBY RECOMMENDED that defendants' December 26, 2006, motion to revoke plaintiff Anthony Sharp's filing fee be granted; within thirty days of the adoption of these findings and recommendations, plaintiff Anthony Sharp shall pay the $125 balance due on his filing fee.

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

1 These findings and recommendations are submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3 days after being served with these findings and recommendations, any party may file written
4 objections with the court and serve a copy on all parties.  Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6 shall be served and filed within ten days after service of the objections.  The parties are advised
7 that failure to file objections within the specified time may waive the right to appeal the District
8 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
9 DATED:   3/14/07

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

13 sharp235.fr