IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY SHARP, et al.,

    Plaintiffs,             No. CIV S-06-0236 MCE GGH P

    vs.

LAURIE MAZZOLA, et al.,

    Defendant.            FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiffs Anthony and Larry Sharp are state prisoners proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. On December 26, 2006, defendants filed a motion to revoke plaintiff Anthony Sharp's in forma pauperis status and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). On March 15, 2007, this court recommended that the motion to revoke plaintiff Anthony Sharp's in forma pauperis status be granted.

        On May 24, 2007, the district court adopted the March 15, 2007, findings and recommendations and ordered plaintiff Anthony Sharp to pay the $125 balance due on his filing fee within thirty days. Thirty days passed and plaintiff Anthony Sharp did not pay the balance due on his filing fee. Accordingly, the court has separately recommended that plaintiff Anthony Sharp be dismissed. For that reason, the court now addresses the motion to dismiss for failure to state a claim as to the claims made on behalf of plaintiff Larry Sharp only.

1  LEGAL STANDARD FOR MOTION TO DISMISS.

2  In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" NOW, 510 U.S. at 256, 114 S. Ct. at 803, quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an

opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

PLAINTIFF'S CLAIMS

This action is proceeding on the amended complaint filed May 31, 2006. The defendants are Director of Medical Records Mazzola, Dr. Khoury and K. Donahue. Plaintiff generally alleges that the medical records of Anthony Sharp were accidently placed in his file. As a result of this mix-up, plaintiff generally alleges that he received the wrong medication. Plaintiff generally alleges that this mix-up was brought to the attention of defendants, but they failed to correct it. The court will set forth plaintiff's specific allegations below.

The amended complaint alleges that plaintiff Larry Sharp suffers from physical problems as a result of being given medication intended for Anthony Sharp. Amended Complaint, statement of the case p. 2. New ailments suffered by plaintiff Larry Sharp include kidney damage and shaking. Id. Plaintiff Larry Sharp repeatedly informed doctors and medical technical assistants of the misfiled medical records but no action was taken to correct the error. Id. Plaintiff Larry Sharp filed an administrative grievance regarding this matter. Id., p. 4. Defendant Mazzola interviewed plaintiff Larry Sharp regarding his appeal and told him "we make mistakes all the time." Id. Defendant Mazzola denied the appeal. Id.

The error in the filing of the medical records has apparently been corrected because plaintiff seek only monetary damages as relief.

The remaining allegation in the amended complaint concern Anthony Sharp. Accordingly, they will not be discussed here.

LEGAL STANDARD FOR EIGHTH AMENDMENT CLAIM

In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976). To prevail, plaintiff must show both that his medical needs were objectively

serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Indications that a prisoner has a serious need for medical treatment are the following: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989). McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994) the Supreme Court defined a very strict standard which a plaintiff must meet in order to establish "deliberate indifference." Of course, negligence is insufficient. Farmer, 511 U.S. at 835, 114 S. Ct. at 1978. However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient. Id. at 836-37, 114 S. Ct. at 1979. Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk. Id. at 842, 114 S. Ct. at 1981.

It is nothing less than recklessness in the criminal sense – subjective standard – disregard of a risk of harm of which the actor is actually aware. Id. at 838-842, 114 S. Ct. at 1979-1981. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837, 114 S. Ct. at 1979. Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at

1  847, 114 S. Ct. at 1984.  "[I]t is enough that the official acted or failed to act despite his
2  knowledge of a substantial risk of serious harm."  Id. at 842, 114 S. Ct. at 1981.  If the risk was
3  obvious, the trier of fact may infer that a defendant knew of the risk.  Id. at 840-42, 114 S. Ct. at
4  1981.  However, obviousness per se will not impart knowledge as a matter of law.
5         Also significant to the analysis is the well established principle that mere
6  differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth
7  Amendment violation.  Jackson v. McIntosh, 90 F.3d 330 (9th Cir. 1996); Franklin v. Oregon,
8  662 F.2d 1337, 1344 (9th Cir. 1981).
9         Moreover, a physician need not fail to treat an inmate altogether in order to violate
10  that inmate's Eighth Amendment rights.  Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir.
11  1989).  A failure to competently treat a serious medical condition, even if some treatment is
12  prescribed, may constitute deliberate indifference in a particular case.  Id.
13         Additionally, mere delay in medical treatment without more is insufficient to state
14  a claim of deliberate medical indifference.  Shapley v. Nevada Bd. of State Prison Com'rs, 766
15  F.2d 404, 408 (9th Cir. 1985).  Although the delay in medical treatment must be harmful, there is
16  no requirement that the delay cause "substantial" harm.  McGuckin, 974 F.2d at 1060, citing
17  Wood v. Housewright, 900 F.2d 1332, 1339-1340 (9th Cir. 1990) and Hudson, 112 S. Ct. at 998-
18  1000.  A finding that an inmate was seriously harmed by the defendant's action or inaction tends
19  to provide additional support for a claim of deliberate indifference; however, it does not end the
20  inquiry.  McGuckin, 974 F.2d 1050, 1060 (9th Cir. 1992).  In summary, "the more serious the
21  medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those
22  needs, the more likely it is that a plaintiff has established deliberate indifference on the part of
23  the defendant."  McGuckin, 974 F.2d at 1061.
24  /////
25  /////
26  /////

## DISCUSSION

Defendants argue that this action should be dismissed because the mere misfiling of medical records does not demonstrate deliberate indifference to a serious medical need. Plaintiff is claiming that defendants did not correct the misfiling after it was brought to their attention. Plaintiff alleges that defendant Mazzolla told him that "we make mistakes all the time." These allegations suggest that defendants were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, i.e. that plaintiff might be given the wrong medication because Anthony Sharp's medical records were in his file. Accordingly, defendants' argument that plaintiff has not pled sufficient facts of deliberate indifference is without merit.

Defendants argue that the amended complaint does not allege that plaintiff's medical care was delayed or denied as a result of the alleged misfiling of medical records. Defendants argue that plaintiff does not allege any causation linking him the new symptoms he did not have earlier in life and his receipt of medication intended for Anthony Sharp.

Plaintiff alleges that as a result of the mix-up in medical records, he was given medication intended for Anthony Sharp and now suffers from new ailments such as kidney damage and shaking. These allegations demonstrate a nexus between plaintiff's receipt of medication intended for Anthony Sharp and his new symptoms sufficient to withstand a motion to dismiss. These allegations are "above the speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 2007 WL 1461066 * 8 (2007).

Accordingly, IT IS HEREBY RECOMMENDED that defendants' December 26, 2006, motion to dismiss for failure to state a claim as to the claims made on behalf of Larry Sharp be denied; defendants be ordered to file an answer within twenty days of the adoption of these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty

1  days after being served with these findings and recommendations, any party may file written
2  objections with the court and serve a copy on all parties.  Such a document should be captioned
3  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
4  shall be served and filed within ten days after service of the objections.  The parties are advised
5  that failure to file objections within the specified time may waive the right to appeal the District
6  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

7  DATED:  9/13/07

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

sh236.ame