IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY SHARP,

      Plaintiff,                        No. CIV S-06-0236 MCE GGH P

   vs.

LAURIE MAZZOLA, et al.,

      Defendants.              ORDER

_____/

      Pending before the court is defendants' February 27, 2008, motion to compel plaintiff's deposition or, in the alternative, for terminating sanctions. Defendants also seek monetary sanctions.

      Defendants have presented evidence that on January 25, 2008, they noticed plaintiff Sharp's deposition for February 19, 2008. On February 19, 2008, plaintiff refused to cooperate and refused to give his deposition. A copy of the transcript from the attempted deposition is attached to defendants' motion as exhibit B.

      At the deposition, plaintiff refused to answer any questions. Defendants' Exhibit B, p. 8. Plaintiff told defense counsel that he should submit his questions to plaintiff in writing. Id. Plaintiff stated that he would not go forward with the deposition until he got a lawyer. Id., p. 17.

1

Pursuant to Fed. R. Civ. P. 37(d), the court may order sanctions if a party fails to appear for that person's deposition, after being served with proper notice. In the instant case, plaintiff's deposition was properly noticed and he refused to participate. Plaintiff's objection that he could not proceed without counsel was not grounds to refuse to participate. Plaintiff's objection that defendants should be required to ask him questions via interrogatories instead is legally frivolous as defendants have a right to take his deposition. Accordingly, sanctions are warranted.

The court may order any sanctions listed in Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi). See Fed. R .Civ. P. 37(d)(3). Defendants request that the court order plaintiff to appear at his deposition when it is re-set by defendants or issue terminating sanctions, which are authorized under Fed. R. Civ. P. 37(b)(2)(A)(v).

Because the court orders plaintiff to reimburse defendants for their costs, as will be discussed below, terminating sanctions are not warranted. Instead, plaintiff is ordered to appear at his deposition when it is re-set by defendants. If plaintiff again fails to participate in his deposition, the court will award terminating sanctions if requested by defendants.

In his April 7, 2008, opposition to the motion to compel, plaintiff requests that his inmate assistant be allowed to attend his deposition with him.[1] Plaintiff has no right to the assistance of an inmate assistant at his deposition. Accordingly, this request is denied.

Defendants also request that plaintiff be required to pay the $2276.32 in costs incurred by the defendants associated with the costs of conducting plaintiff's deposition. See counsel's declaration attached to motion to compel setting forth expenses. Fed. R. Civ. P. 37(d)(3) provides that in addition to the sanctions listed in Rule 37(b)(2)(A)(i)-(vi), the court must require the party failing to act to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make

---

[1] Under the mailbox rule, plaintiff's opposition is timely. The proof of service attached to the opposition indicates that it was mailed on March 4, 2008.

1  an award of expenses unjust.

2        Plaintiff's refusal to participate in his deposition was not substantially justified.
3  The court will order plaintiff to pay the costs incurred by defendants, i.e. $2276.32, as set forth in
4  footnote 1.[2]

5        Accordingly, IT IS HEREBY ORDERED that:

6        1. Defendants' March 27, 2008, motion to compel is granted; plaintiff is ordered
7  to appear at his deposition when it is re-set by defendants;

8        2. Plaintiff is required to pay defendants $2276.32 pursuant to Fed. R. Civ. P.
9  37(d)(3).

10 DATED: 04/29/08            /s/ Gregory G. Hollows

11                                       UNITED STATES MAGISTRATE JUDGE

13 sh236.com

---

[2] It may well be that plaintiff cannot currently pay this sanction. In the event that plaintiff does not have sufficient, *present* assets to pay the sanction in full, defendants may use this award as an offset in the event that plaintiff does recover damages in this action. Because plaintiff is in all probability an indigent prisoner, the court orders that the sanctions should not be paid from a prison trust account over time. The court would not have awarded sanctions in the event that the prison trust account would be debited for a lengthy period of time thereby making it impossible for plaintiff to use such funds to acquire necessities for prison life.